UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARINA STAJIC,

                      Plaintiff,                Case No: 16 CIV1258 (GHW)

    - against -

THE CITY OF NEW YORK, BARBARA SAMPSON,
in her individual capacity, and TIMOTHY
KUPFERSCHMID, in his individual capacity,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF ASSISTANT CORPORATION COUNSEL PAUL MARKS

                                        LAW OFFICE OF KEVIN MINTZER, P.C.
                                        1350 Broadway, Suite 1400
                                        New York, New York 10018
                                        T: 646-843-8180
                                        F: 646-478-9768
                                        km@mintzerfirm.com

                                        ALTERMAN & BOOP LLP
                                        99 Hudson Street – 8th Floor
                                        New York, New York 10013
                                        T: 212-226-2800
                                        F: 212-431-3614
                                        dalterman@altermanboop.com

                                        Attorneys for Plaintiff Marina Stajic

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 16 and the Individual Rules of Practice in Civil Cases of Hon. Gregory H. Woods, plaintiff Marina Stajic submits this Memorandum of Law in Support of Plaintiff's Motion to Strike the Supplemental Declaration of Assistant Corporation Counsel Paul Marks (hereinafter, "Marks Supplemental Declaration" or "Marks. Supp. Dec.").

On January 5, 2018, defendants City of New York, Barbara Sampson and Timothy Kupferschmid ("defendants") filed the Marks Supplemental Declaration in support of their pending motion to exclude the testimony of plaintiff's forensic DNA expert at trial. As explained below, the Court should strike the Marks Supplemental Declaration from the docket for several reasons: first, defendants did not obtain the Court's permission to file the declaration, which they were required to do; second, the declaration contains improper argument and factual assertions for which defendants' counsel has no personal knowledge, in violation of the Local Civil Rules of this Court; and third, the substance of the declaration, including the attached exhibits, is irrelevant to defendants' motion or any issue pending before the Court.

## FACTUAL BACKGROUND

By Order dated May 3, 2017, the Court set a briefing schedule in connection with defendants' motion to exclude the testimony of Dr. Angela van Daal, plaintiff's forensic DNA expert. (Dkt. No. 93) The parties complied with that schedule (Dkt. Nos. 105-107, 121-22) and the motion was fully submitted when defendants filed their reply brief on August 23, 2017. (Dkt. No. 123)

On January 5, 2018, while defendants' motion was pending, defendants filed a document entitled "Supplemental Declaration of Assistant Corporation Counsel Paul Marks in Support of Defendants' Motion to Exclude at Trial the Testimony of Plaintiff's Forensic DNA Expert." (Dkt.

No. 124) The declaration contains 14 paragraphs and attaches six exhibits that were not previously in the record and which had not been previously been produced to plaintiff. (Mintzer Dec. ¶ 3) Prior to filing the Marks Supplemental Declaration, defendants neither asked plaintiff whether she would consent to the filing, nor did they seek leave of the Court. (Mintzer Dec. ¶ 4)

According to defendants, the purpose of the filing is "to inform the Court of a recently [sic], highly pertinent development." (Dkt. No. 124, Marks Supp. Dec. ¶ 1) Specifically, defendants urge the Court to consider "a December 4, 2017 determination of the DNA Subcommittee of the New York State Commission on Forensic Science . . . rejecting a complaint filed by the Legal Aid Society and Federal Defenders of New York . . . which in part, was directed at the validation and implementation of Low Copy Number ("LCN") DNA testing analysis by the New York City's Office of Chief Medical Examiner ("OCME")." (*Id.* ¶ 2) That DNA Subcommittee letter, attached as Exhibit T to the Marks Supplemental Declaration, primarily concerns OCME's use of its Forensic Statistical Tool ("FST") software, which has no connection to this case or Dr. van Daal's report. The final two paragraphs of the DNA Subcommittee's December 4, 2017, letter ("Subcommittee Letter") states as follows:

> ln addition to raising issues with FST, allegations were made regarding the OCME's Low Copy Number (LCN) methodology. Based on the validations performed by the OCME, the DNA Subcommittee believes that the OCME could, using their LCN methodology, potentially identify a major contributor to a DNA mixture regardless of the number of minor contributors. The OCME validated its use of 31 PCR cycles in its LCN methodology. The DNA Subcommittee concludes it was appropriate for the OCME to use 31 PCR cycles in accordance with the OCME's validated casework protocols.
>
> ln sum, the DNA Subcommittee finds no merit in the allegations regarding the OCME's scientific processes contained in the September 1, 2017 letter sent to the IG.

(Dkt. No. 124-5, Marks Supp. Dec. Ex. T.)

The Subcommittee Letter does not say anything about plaintiff's claims against OCME, Dr. van Daal's expert report, or the statements made by Eugene Lien at the October 24, 2014 meeting of the Forensic Science Commission. (*Id.*) The Subcommittee Letter also does not take any position as to whether OCME misrepresented its LCN validation studies in response to questions posed by Commissioner Barry Scheck at the Commission's meeting on October 24, 2014. (*Id.*)

## DISCUSSION

I. THE COURT SHOULD STRIKE THE MARKS SUPPLEMENTAL DECLARATION BECAUSE DEFENDANTS FILED IT WITHOUT LEAVE OF THE COURT AND BECAUSE IT CONTAINS STATEMENTS THAT ARE NOT PERMISSIBLE IN AN ATTORNEY DECLARATION

"Under Federal Rules of Civil Procedure 16(f) and 37, if a party 'fails to obey a scheduling or other pretrial order,' a court may 'strik[e] pleadings in whole or in part.'" *Hidalgo v. New Ichiro Sushi, Inc.*, No. 15-CV-414 (AJN), 2017 WL 4712789, at *3 (S.D.N.Y. Sept. 27, 2017) (quoting Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(iii)). Here, by Order dated May 3, 2017, the Court set a briefing scheduling for defendants' motion to exclude plaintiff's forensic DNA expert. That schedule did not permit any additional filings following defendants' reply. Defendants were therefore not authorized to file the Marks Supplemental Declaration. Indeed, even in the absence of a scheduling Order, sur-replies or supplemental replies are not permitted under the Federal Rules of Civil Procedure or the Local Rules of this court without prior leave of the court. *See Guity v. Uniondale Union Free Sch. Dist.*, No. 15 CV 5693 (SJF) (AKT), 2017 WL 1233846, at *3 (E.D.N.Y. Mar. 31, 2017) (affirming magistrate's ruling to strike sur-reply that party filed without leave of court); *Direxion Shares, ETF Tr. v. Leveraged Innovations L.L.C.*, No. 14 CIV. 1777 KBF, 2014 WL 6469084, at *1 n.2 (S.D.N.Y. Nov. 18, 2014) (disregarding supplemental brief and

expert declaration filed without prior permission of the court); *Wanamaker v. Town of Westport Bd. of Educ.*, No. 3:11CV1791 MPS WIG, 2013 WL 3766592, at *1 (D. Conn. July 16, 2013) (striking supplemental reply brief that was filed without leave of court); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 496 (S.D.N.Y. 1990) (striking sur-reply brief filed without leave of court), *reconsideration granted on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990). Thus, because defendants filed the Marks Supplemental Declaration without seeking or obtaining the Court's permission to do so, the Court should strike the declaration from the docket.

The Court should also strike the Marks Supplemental Declaration because it contains statements that are improper for an attorney declaration. Local Civil Rule 7.2 permits only "affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Factual assertions in affidavits must be based on personal knowledge, and attorney affidavits should not contain legal argument. *Curran v. Aetna Life Ins. Co.*, No. 13-CV-00289 (NSR), 2016 WL 3843085, at *8 (S.D.N.Y. July 11, 2016); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419-20 (S.D.N.Y. 2014). Flouting these requirements, the Marks Supplemental Declaration contains factual assertions that are obviously beyond Mr. Marks' personal knowledge, as well as legal argument. For example:

- "However, the DNA Subcommittee, in affirming the validation of the OCME's LCN DNA and FST testing analysis, necessarily reached the conclusion that Mr. Lien's statement to Mr. Scheck was accurate." (Dkt. No. 124, Marks Supp. Dec. ¶ 4)

- "Mr. Lien's statement was accurate in every respect." (*Id.*)

- "[T]he fact that plaintiff has plainly chosen to assist [the Legal Aid Society/Federal Defenders] in their attack on the OCME's LCN DNA testing analysis entirely undermines her contention in this case that she 'has no intention of asking Dr. van Daal about the reliability of LCN testing in general or as applied in *Morgan*' and that Dr. van Daal's testimony will be 'limited.'" (*Id.* ¶ 13)

- "For better or worse, plaintiff and [the Legal Aid Society/Federal Defenders] have formed an alliance against what they regard as a common enemy - - the OCME and its LCN DNA testing analysis." (*Id.*)

- "It is now abundantly clear that the admission of Dr. van Daal's testimony at trial will result in no less than a replication of the Morgan Daubert hearing, an outcome which, as defendants have argued, requires the exclusion of her testimony under FRE 403." (*Id.*)

Defendants are aware that the authorities cited above prohibit the sort of statements found in the Marks Supplemental Declaration. Indeed, the initial declaration submitted by their counsel in support of their motion to exclude Dr. van Daal's testimony (Dkt. No. 106) was similarly improper, as plaintiffs argued in her opposition to defendants' motion. (Dkt. No. 122 at 13) Defendants failed to cite any authority in their reply brief justifying that declaration (Dkt. No. 123), and they continue to violate the rules of this Court. Accordingly, the Court should strike the Marks Supplemental Declaration.

II. EVEN IF THE MARKS SUPPLEMENTAL DECLARATION WERE PROCEDURALLY PROPER, ITS SUBSTANCE IS NOT RELEVANT TO DEFENDANTS' PENDING MOTION AND SHOULD BE STRUCK ON THAT BASIS

In addition to defendants' failure to file the Marks Supplemental Declaration in accordance with the governing rules, the Court should also strike that document because it does not contain any information that is relevant to defendants' pending motion to exclude Dr. van Daal's testimony. Defendants assert that they needed to make the Court aware that the DNA Subcommittee had "resolved the scientific issue as to which plaintiff argues that she needs Dr. van Daal's expert testimony at trial." (Dkt. No. 124, Marks Supp. Dec. ¶ 2) But this is simply not true. The central question addressed by Dr. van Daal's report and proposed testimony is whether, in response to a question posed by Commissioner Barry Scheck, OCME representative Eugene Lien accurately represented to the Commission that OCME possessed an LCN internal validation study demonstrating that it could obtain correct answers on samples replicating casework of 25 picograms or less in DNA mixtures of more than two contributors. Dr. van Daal has explained

that, based on her review of the relevant internal validation studies, OCME did not possess any such internal validation study, and thus Mr. Lien's response to Commissioner Scheck was not correct. (*See* Docket No. 97-17, Dr. van Daal's Expert Report)[1] The Subcommittee Letter of December 4, 2017, does not contradict any of Dr. van Daal's findings; indeed, that letter says nothing about whether Mr. Lien's statement to the Commission was accurate or whether OCME possessed an LCN internal validation study that satisfied the parameters of Commissioner Scheck's question. (Dkt. No. 124, Marks Supp. Dec. Ex. T)

Mr. Marks nevertheless attests that "in affirming the validation of the OCME's LCN DNA and FST testing analysis, [the DNA Subcommittee] necessarily reached the conclusion that Mr. Lien's statement to Mr. Scheck was accurate." (Marks Supp. Dec. ¶ 4) But this claim is unsupported by any statement in the Subcommittee Letter, which simply affirmed the DNA Subcommittee's belief that OCME's use of LCN methodology was "appropriate" when used "in accordance with the OCME's validated casework protocols," and further concluded that there was "no merit in the allegations regarding the OCME's scientific processes." (*Id.* Ex. T) Defendants' spin notwithstanding, this endorsement of OCME's LCN protocols and scientific processes – neither of which has been disputed by plaintiff in this case – has no bearing on whether Mr. Lien inaccurately represented OCME's validation studies to the Commission on October 24, 2014. The uncontestable fact is that the Subcommittee Letter was silent on the question of Mr. Lien's alleged misstatement, and thus the substance of the Marks Supplemental Declaration is irrelevant to any question before this Court.

---

[1] Plaintiff has explained the relevance of Dr. van Daal's testimony to her First Amendment retaliation claim in plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude Plaintiff's Forensic DNA Expert. (*See* Dkt. No. 122 at 13-19)

Finally, the Court should disregard defendants' conspiratorial assertions that plaintiff has formed an "alliance" with the Legal Aid Society and the Federal Defenders against their alleged "common enemy," OCME, or that this purported federation demonstrates plaintiff's intention to use the trial in this case as a vehicle to litigate "the overall reliability and validity of the OCME's LCN DNA testing analysis." (Dkt. No. 124, Marks Supp. Dec. ¶ 13) It is hardly surprising that the leading organizations representing indigent criminal defendants in New York City were interested in the evidence of OCME's misconduct discovered by plaintiff in this case. But the decision of those organizations to present some of that publicly available evidence to the New York State Inspector General does not remotely support defendants' suggestion that plaintiff seeks to present evidence at trial for any purpose other than to prove her own claims against defendants. She does not. Likewise, nothing in the Marks Supplemental Declaration substantiates defendants' assertion that Dr. van Daal's testimony is being offered to re-litigate the issues decided in the *Daubert* hearing in *United States v. Morgan*. (*Id.*) As plaintiff has explained in her opposition to defendants' motion to exclude Dr. van Daal's testimony (Dkt. No. 122 at 21-24), the legal and factual questions presented by the *Morgan* case are distinct from the issues that Dr. van Daal will address at trial. In any case, defendants should not be permitted to use the Marks Supplemental Declaration in order to simply re-hash arguments that they have already had the opportunity to present to the Court.

## **CONCLUSION**

Accordingly, for the reasons stated above, the Court should strike the Marks Supplemental Declaration, and grant further relief as the Court deems just and proper.

New York, New York
Dated: January 10, 2018

                        THE LAW OFFICE OF
                        KEVIN MINTZER, P.C.

By: _____
      Kevin Mintzer
      1350 Broadway – Suite 1400
      New York, New York 10018
      Tel: (646) 843-8180
      km@mintzerfirm.com


      ALTERMAN & BOOP LLP
      By: Daniel L. Alterman
      99 Hudson Street – 8th Floor
      New York, New York 10013
      Tel: (212) 226–2800
      dalterman@altermanboop.com

*Attorneys for Plaintiff Marina Stajic*