UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x x

MARINA STAJIC,

                                              Plaintiff,

          -against-

THE CITY OF NEW YORK, BARBARA SAMPSON, in her individual capacity, and TIMOTHY KUPFERSCHMID, in his individual capacity,

                                              Defendants.

------------------------------------------------------------------x

**JOINT PROPOSED STATEMENTS TO THE VENIRE AND JURY**

16-CV-1258 (GHW)

Pursuant to the Court's Orders, the parties to the above matter submit the following Joint Proposed Statements to the Venire and Jury:

I.    A proposed brief, mutually acceptable description of the case, to be read to the venire.

This is an employment-related case. The plaintiff, Marina Stajic, was employed[1] as the Director of the Forensic Toxicology Laboratory of the New York City Office of Chief Medical Examiner, which is often referred to as OCME and which is a New York City agency. In April 2015, OCME terminated plaintiff's employment. Plaintiff has sued the City of New York, Barbara Sampson, who is the Chief Medical Examiner and the head of OCME, as well as Timothy Kupferschmid, the plaintiff's immediate supervisor and OCME's Chief of Laboratories, claiming that their decision to terminate her employment was unlawful. Specifically, plaintiff

---

[1]    Plaintiff proposes that the Court say that plaintiff was "employed by many years" or "employed by 29 years" because the fact that plaintiff was a long-time employee of OCME is an uncontroverted fact that is essential to understanding the dispute. Defendants object to any reference to the duration of plaintiff's employment because it is not relevant for the description of the case to the jury pool and risks eliciting sympathy or bias at this preliminary stage.

claims that her dismissal was in retaliation for certain speech that she engaged in. Plaintiff also claims that she was dismissed because of her age, which was 65 at the time of her dismissal. Each of the defendants deny retaliating against plaintiff because of her speech or discriminating against her because of her age. Defendants assert that they terminated plaintiff's employment at OCME for legitimate, non-retaliatory, and non-discriminatory reasons. That, in summary, is the nature of the case.

II. A proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Court's initial instructions prior to opening statements

As I told you when we were selecting the jury, this is a case in which the plaintiff, Marina Stajic, is suing her former employer, the City of New York, as well Barbara Sampson and Timothy Kupferschmid, who I will refer to collectively as the defendants. To remind you, Dr. Sampson is the Chief Medical Examiner of the City of New York and is the head of the New York City Office of Chief Medical Examiner, which is also known as OCME and which is a New York City agency. Mr. Kupferschmid is the Chief of Laboratories at OCME. Dr. Stajic served as the Director of Forensic Toxicology Laboratory at OCME from April 1, 1986 to April 9, 2015.

In this case, Dr. Stajic is asserting three claims against the defendants, each related to the termination of her employment. The first two claims that Dr. Stajic makes are that defendants retaliated against her by terminating her employment with the OCME because of particular instances of speech that she engaged in, which she alleges were protected by the First Amendment of the Constitution of the United States as well as the Constitution of the State of New York. As I will instruct you, some acts of speech by public employees are protected by the First Amendment to the United States Constitution and the New York State Constitution. Defendants, for their part, deny retaliating against Dr. Stajic because of her speech, and they

2

assert that there were legitimate, non-retaliatory reasons for their decision to terminate Dr. Stajic's employment with OCME.

The third and final claim that Dr. Stajic has brought is that defendants also terminated her employment because of her age, which was 65 at the time of her dismissal. This claim is brought under a law known as the New York City Human Rights Law, which makes it unlawful for an employer to terminate the employment of an employee because of his or her age. Defendants deny that Dr. Stajic's age had anything to do with the termination of her employment. Defendants assert that they terminated Dr. Stajic's employment for legitimate, non-discriminatory reasons.

Dated: New York, New York
    March 12, 2019

LAW OFFICE OF KEVIN MINTZER P.C.
Kevin Mintzer
Attorney for Plaintiff
1350 Broadway, Suite 1400
New York, New York 10018
646-843-8180
km@mintzerfirm.com

CUTI HECKER & WANG LLP
Mariann Meier Wang
305 Broadway, Suite 607
New York, New York 10007
212-620-2603
mwang@chwllp.com

By: _____/s/_____
    KEVIN MINTZER

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
Attorney for Defendants
100 Church Street, Room 2-101
New York, New York 10007
(212) 356-2432
pmarks@law.nyc.gov

By: _____/s/_____
    PAUL MARKS
    Assistant Corporation Counsel